IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KELLY KINCAID,<br><br>      Plaintiff,<br><br>vs.<br><br>ARSTRAT, LLC<br><br>      Defendant. | Case No. 4:19-CV-00740<br><br><br><br>DEMAND FOR JURY TRIAL |

## DEFENDANT ARSTRAT, LLC'S ANSWER TO
## PLAINTIFF KELLY KINCAID'S COMPLAINT

COMES NOW Defendant Arstrat, LLC ("Defendant"), by and through counsel, hereby files its Answer and Affirmative Defenses to Plaintiff Kelly Kincaid's ("Plaintiff") Complaint as follows:

### NATURE OF THE ACTION

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). However, Defendant denies that the Plaintiff's claims have any merit and denies violating the FDCPA or any other law. Except as specifically admitted herein, Defendant denies the rest of the allegations in said paragraph which are also vague, ambiguous, lack foundation and constitute legal conclusions.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that jurisdiction would be proper if Plaintiff's claims had merit. However, Defendant denies that Plaintiff has any meritorious claims.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendant admits that it conducts business in the Southern District of Texas. Except as specifically admitted herein, Defendant denies the remaining allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

## PARTIES

4. Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint and therefore denies them at the present time.

5. Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and therefore denies them at the present time.

6. Defendant admits that it has a business located in Houston, Texas and it is a limited liability company but denies all remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint calls for a legal conclusion for which requires not response; therefore, Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint.

## ALLEGED FACTS SUPPORTING CAUSES OF ACTION

8. Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint and therefore denies them at the present time.

9.  Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint and therefore denies them at the present time

10. Paragraph 10 of Plaintiff's Complaint seeks to require Defendant to admit or deny a proposition of law, which requires no response.

11. Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint and therefore denies them at the present time.

12. Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint and therefore denies them at the present time.

13. Defendant denies allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits that it sent a letter to Plaintiff as alleged in Paragraph 16 of Plaintiff's Complaint.

17. Paragraph 17 of Plaintiff's Complaint seeks to require Defendant to admit or deny a proposition of law, which requires no response. Should the court require a response, Defendant denies the allegations asserted in Paragraph 17.

18. Paragraph 18 of Plaintiff's Complaint seeks to require Defendant to admit or deny a proposition of law, which requires no response. Should the court require a response, Defendant denies the allegations asserted in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

## COUNT I.
## ALLEGED VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT

20. Defendant incorporates by reference Paragraphs 1-19 above as fully set forth herein.

21. Paragraph 21of Plaintiff's Complaint seeks to require Defendant to admit or deny a proposition of law, which requires no response. To the extent the Court requires Defendant to respond, Defendant admits that it appears Plaintiff cited portions of the FDCPA; however, Defendant denies violating the FDCPA.

22. Paragraph 22 of Plaintiff's Complaint seeks to require Defendant to admit or deny a proposition of law, which requires no response. To the extent the Court requires Defendant to respond, Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Paragraph 23 of Plaintiff's Complaint seeks to require Defendant to admit or deny a proposition of law, which requires no response. To the extent the Court requires Defendant to respond, Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action)

24. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

25. Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

26. Plaintiff is not entitled to recover any damages, or any recovery awarded should

be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

27. As a separate, affirmative defense, the Complaint, and each cause of action alleged there against Defendant is barred by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

28. Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

## SIXTH AFFIRMATIVE DEFENSE

### (Compliance with Statute)

29. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

30. As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

31. As a separate, affirmative defense, Defendant alleges that Plaintiff' claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### NINETH AFFIRMATIVE DEFENSE

### (Lack of Standing)

32. As a separate, affirmative defense, Defendant alleges that Plaintiff' Complaint fails as a matter of law due to lack of standing to bring this action.

### TENTH AFFIRMATIVE DEFENSE

### (No Damages)

33. As a separate, affirmative defense, Defendant asserts that Plaintiff suffered no actual damages.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

34. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that they acted lawfully and within their legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to this answering Defendant. Accordingly, Plaintiff are barred from any recovery in this action.

### TWELFTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

35. As a separate, affirmative defense, assuming arguendo that this Defendant

violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## JURY DEMAND

36. Defendant hereby requests a jury trial.

## RESERVATION OF RIGHTS

37. Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third-party claims, as additional investigation, discovery or circumstances warrant.

Respectfully submitted,

Dated: March 28, 2019

*s/ Kandy E. Messenger*
Kandy E. Messenger
State Bar No. 24053360
Fed. ID: 638777

Sprott Newsom Quattlebaum
   & Messenger, PC
2211 Norfolk Suite 1150
Houston, Texas 77098
(713) 523-8338 Telephone
(713) 523-9422 Facsimile
(281) 830-0402 Cellular
messenger@sprottnewsom.com
Attorneys for Defendant
ARSTRAT, LLC

## **CERTIFICATE OF SERVICE**

I, Kandy E. Messenger, an attorney, certifies that on March 28, 2019, I electronically filed the foregoing Answer to Complaint with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

| | |
|---|---|
| Joseph S. Davidson<br>Sulaiman Law Group, Ltd.<br>2500 S Highland Ave., Suite 200<br>Lombard, IL 60148<br>Phone: 630-575-8181<br>Email: jdavidson@sulaimanlaw.com | *Via CM/ECF* |
| Mohammed O. Badwan<br>Sulaiman Law Group, Ltd.<br>2500 S Highland Ave., Suite 200<br>Lombard, IL 60148<br>Phone: 630-575-8181<br>Email: mbadwan@sulaimanlaw.com | *Via CM/ECF* |

By: /s/ Kandy E. Messenger
Kandy E. Messenger